IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA LEDERHOS SWEESY, Trustee
And Conservator of the EL DEAN
LEDERHOS LIVING TRUST,

    Plaintiff,

v.                                                         No. 13cv01027 WJ/ACT

LAURA GENIEVA DAVALOS, JACKSON
NATIONAL LIFE DISTRIBUTORS LLC,
SUN LIFE INVESTMENTS, INC, OLD MUTAL
FINANCIAL NETWORK SECURITIES, INC
a/k/a AMERICOM LIFE AND ANNUITY
INSURANCE COMPANY and DOES 1-3,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT AMERICOM'S MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon Defendant Fidelity and Guaranty Life Insurance Company f/k/a Americom Life and Annuity Company's ("Defendant Americom")[1] Motion to Dismiss, filed December 13, 2013 **(Doc. No. 29)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendant Americom's motion is well-taken and, therefore, is GRANTED.

**Background**

This case involves claims of fraud, elder abuse, unjust enrichment, and breach of fiduciary duty regarding the relationship between insurance agent Defendant Laura Davalos and El Dean Lederhos ("Mr. Lederhos"). Mr. Lederhos passed away before the filing of the Complaint and this action is brought by his daughter, who is the conservator of his trust. Ms.

---

[1] Plaintiff improperly names as a defendant "Old Mutual Financial Services, Inc." as Americom's predecessor. Americom was purchased by "OM Financial Life Insurance Company" in 2006. "OM Financial Life Insurance Company'" changed its name to "Fidelity & Guaranty Life Insurance Company" in 2010.

Davalos allegedly duped Mr. Lederhos in purchasing a number of annuities from Jackson, Sun Life, and Old Mutual (*hereinafter* referred to collectively as "Company Defendants"). Ms. Davalos' fraud allegedly caused Mr. Lederhos to lose his entire life savings and forced him to sell his home which he had previously owned outright on a short sale to avoid foreclosure. Plaintiff alleges that Ms. Davalos took advantage of the fact that Mr. Lederhos was elderly and suffering from dementia due to Alzheimer's during the time of these significant financial transactions. Plaintiff further alleges that Company Defendants were complicit in Ms. Davalos' deception of Mr. Lederhos and failed to supervise her while she acting as an agent of Company Defendants.

Defendant Americom brings the instant motion alleging Plaintiff's Complaint should be dismissed for three (3) reasons: 1) Plaintiff failed to file her Complaint within the applicable statute of limitations; 2) Plaintiff lacks standing to bring her claims; and 3) Plaintiff's Complaint fails to state a plausible claim for relief. Accordingly, Defendant Americom requests the dismissal of Plaintiff's Complaint.

## Discussion
### I. Legal Standard

Fed. R. Civ. P. 12(b)(6) allows a defense for "failure to state a claim upon which relief can be granted." In asserting a claim, the claimant must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim challenged by a 12(b)(6) motion to dismiss does not require detailed factual allegations, but must set forth "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." Id. at 555 "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [claimant's] complaint alone is legally sufficient to state a claim for which relief may be

granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir.1992). All well-pleaded factual allegations in the complaint are accepted as true, see Ash Creek Mining Co., 969 F.2d at 870, and viewed in the light most favorable to the nonmoving party, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.     Statute of Limitations**

   *A.     Applicable Statute of Limitations and Date of Discovery*

"A federal court sitting in diversity applies the substantive law of the state where it is located, including the state's statutes of limitations." Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 712 (10th Cir.2005). The court "must also apply the state's tolling rules, as they are an integral part of the several policies served by the statute of limitations." State Farm Mut. Auto. Ins. Co. v. Boellstorff, 540 F.3d 1223, 1228 (10th Cir.2008) (quotations omitted). All of Plaintiff's claims involve financial torts or a derivative thereof. Thus, the proper statute of limitations for Plaintiff's claims is set forth in NMSA 1978 § 37-1-4 which provides that tort claims based upon "conversion of personal property" and "fraud" must be brought within four (4) years.

New Mexico courts apply the "discovery rule" theory to determine when the statute of limitations for a particular claim accrues. See Gerke v. Romero, 2010-NMCA-060, ¶10, 148 N.M. 367, 371, 237 P.3d 111, 115 (collecting cases). Under the discovery rule, the statute of limitations begins when the plaintiff "acquires knowledge of facts, conditions, or circumstances which would cause a reasonable person to make an inquiry leading to the discovery of the concealed cause of action." Martinez v. Showa Denko, K.K., 1998–NMCA–111, ¶ 24, 125 N.M.

615, 964 P.2d 176 (citation omitted).  "[T]he statute of limitations is not tolled because a claimant does not have knowledge of the full extent of injury, but that the time period begins to run when the claimant has knowledge of sufficient facts to constitute a cause of action."  Gerke, 2010-NMCA-060, ¶10.  "The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action."  Coslett v. Third St. Grocery, 117 N.M. 727, 735, 876 P.2d 656, 664 (Ct.App.1994).

      B.      *Plaintiff's Claims Against Defendant Americom are Time-Barred*

The Court has already determined that Plaintiff's claims against another Company Defendant (Defendant Sun Life) were time-barred.  See **(Doc. No. 37)**, Memorandum Opinion and Order Granting Defendant Sun Life's Motion to Dismiss, entered January 6, 2014.  The Court stated based upon the allegation in Plaintiff's Complaint that "'[b]y 2008, as a result of [Company Defendants] selling Lederhos inappropriate investments and their failure to adequately monitor Defendant Davalos' activities, Lederhos had lost his previously fully paid for family home in a short sale to avoid foreclosure and the majority of his savings', the Court finds that the cause of action for damage to the trust accrued no later than December 31, 2008 which means that the four year statute of limitations expired on December 31, 2012, nearly six months before Plaintiff filed the instant lawsuit."  See id., at p. 8.  The Court went on to find that the documents submitted by Plaintiff regarding Mr. Lederhos' complaint to the California Department of Insurance demonstrated that Mr. Lederhos knew by June of 2008 when he filed the complaint with the help of his son-in-law that Ms. Davalos had allegedly defrauded him and insurance companies were involved.  See id., at p. 9.  In reaching its determination, the Court

explicitly stated that the proper consideration was Mr. Lederhos' knowledge and circumstances, not Plaintiff herself.  See id., at pp. 6-7.

Plaintiff has not provided a reason why the Court should reach a different result on Americom's Motion to Dismiss than it did on Defendant Sun Life's Motion to Dismiss.  In her Response, Plaintiff repeatedly alleged that she/ Mr. Lederhos did not have sufficient knowledge to understand the full scope of the potential claims against Defendant Americom until after the California Department of Insurance completed its investigation into Ms. Davalos in 2010.  These arguments are problematic for two main reasons.  First, the Court has already ruled that for the purposes of the discovery rule, Mr. Lederhos' knowledge *not* Plaintiff's knowledge is the relevant consideration, thus Plaintiff's arguments regarding her own knowledge are unpersuasive in regards to discovery.  Second, New Mexico law is clear that a plaintiff need not know the full extent of her injuries or even understand that the facts amount to a legal cause of action in order for her claims to accrue.  See Gerke, 2010-NMCA-060, ¶10 ("[T]he statute of limitations is not tolled because a claimant does not have knowledge of the full extent of injury, but that the time period begins to run when the claimant has knowledge of sufficient facts to constitute a cause of action."); Coslett, 117 N.M. at 735 ("The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action.").   Accordingly, these arguments do not compel the Court to depart from its previous ruling as to the date that Plaintiff's claims accrued.

Plaintiff also makes the argument that because Mr. Lederhos was suffering from dementia due to Alzheimer's, no knowledge of any claims can be imputed to him.  However, that is simply not the law on incapacitation.  New Mexico law protects those who are incapacitated, and therefore may not "discover" a claim, by tolling the statute of limitations for one year after

5

the end of their disability.  See NMSA 1978  § 37-1-10 ("[t]he times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of minors and incapacitated persons, be extended so that they shall have one year from and after the termination of such incapacity within which to commence said actions.") .  New Mexico law, however, does not state that if one is incapacitated to the point that they cannot discover a potential claims that the statute of limitation does not begin to run until they are no longer incapacitated.  See Slade v. Slade, 81 N.M. 462, 466, 468 P.2d 627, 631 (1970) (noting that the applicable statute of limitations begins to run against incapacitated persons, as with any other potential plaintiff, when the cause of action accrues).   The Court has already determined that even with the application of the equitable tolling doctrine based upon Mr. Lederhos' dementia, Plaintiff's claims are time-barred. See (**Doc. No. 37**), at pp. 11-12.  Thus, Plaintiff's arguments regarding Mr. Lederhos' Alzheimer's even in the light most favorable to Plaintiff do not make her claims timely.

The Court finds that Plaintiff's claims against Defendant Americom are time barred, because the claims accrued no later than December 31, 2008, mandating that Plaintiff file her Complaint by December 31, 2012.  Plaintiff did not file her Complaint until nearly six months after the latest possible date the four year statute of limitations expired. Thus, Defendant Americom's Motion to Dismiss is granted.

**THEREFORE, IT IS ORDERED**, that Defendant Americom's Motion to Dismiss (**Doc. No. 29**) is **GRANTED** and all of Plaintiff's claims against Defendant Americom are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE