# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LISA LEDERHOS SWEESY, Trustee
And Conservator of the EL DEAN
LEDERHOS LIVING TRUST,

      Plaintiff,

v.                                    No. 13cv01027 WJ/ACT

LAURA GENIEVA DAVALOS, JACKSON
NATIONAL LIFE DISTRIBUTORS LLC,
SUN LIFE INVESTMENTS, INC, OLD MUTAL
FINANCIAL NETWORK SECURITIES, INC
a/k/a AMERICOM LIFE AND ANNUITY
INSURANCE COMPANY and DOES 1-3,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR CERTIFICATION PURSUANT TO FED. R. CIV. P. 54
### and
### ORDER TO SHOW CAUSE WHY DEFENDANTS
### <u>LAURA DAVALOS AND DOES 1-3 HAVE NOT BEEN SERVED</u>

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Certification Pursuant to Fed. R. Civ. P. 54(b), filed March 9, 2014 (**Doc. No. 55**) and Plaintiff's Second Motion for Certification Pursuant to Fed. R. Civ. P. 54(b), filed April 7, 2014 (**Doc. No. 58**). Having considered the parties' briefs[1] and the applicable law, the Court finds that Plaintiff's motions are not well-taken and, therefore, are DENIED.

### Background

This case involves claims of fraud, elder abuse, unjust enrichment, and breach of

---

[1]  None of the defendants have filed responses to Plaintiff's Motions for Certification.  However, Plaintiff's First Motion indicated that Defendant Sun Life opposed the Motion.  Further, Plaintiff's Second Motion indicates that Defendant Jackson consented to the relief requested.

fiduciary duty regarding the relationship between insurance agent Defendant Laura Davalos and El Dean Lederhos ("Mr. Lederhos").   Mr. Lederhos passed away before the filing of the Complaint and this action is brought by his daughter, who is the conservator of his trust.  Ms. Davalos allegedly duped Mr. Lederhos in purchasing a number of annuities from Jackson, Sun Life, and Old Mutual (*hereinafter* referred to collectively as "Company Defendants").   Ms. Davalos' fraud allegedly caused Mr. Lederhos to lose his entire life savings and forced him to sell his home which he had previously owned outright on a short sale to avoid foreclosure. Plaintiff alleges that Ms. Davalos took advantage of the fact that Mr. Lederhos was elderly and suffering from dementia due to Alzheimer's during the time of these significant financial transactions.  Plaintiff further alleges that Company Defendants were complicit in Ms. Davalos' deception of Mr. Lederhos and failed to supervise her while she acting as an agent of Company Defendants.

Defendant Sun Life  Assurance Company of Canada (U.S.) ("Defendant Sun Life") and Defendant Fidelity and Guaranty Life Insurance Company f/k/a Americom Life and Annuity Company ("Defendant Americom")[2] filed separate Motions to Dismiss ((**Doc. Nos. 11** and **29**) respectively) alleging, *inter alia*, that Plaintiff's claims were time barred under the applicable statute of limitations.  The Court granted both Motions on the grounds that Plaintiff's claims were time barred based upon substantially identical reasoning.  See (**Doc. No. 37**), Memorandum Opinion and Order Granting Defendant Sun Life's Motion to Dismiss, entered January 6, 2014; (**Doc. No. 56**), Memorandum Opinion and Order Granting Defendant Americom's Motion to Dismiss, entered March 12, 2014.

Plaintiff sought to appeal the Court's Order Granting Defendant Sun Life's Motion to

---

[2]  Plaintiff improperly names as a defendant "Old Mutual Financial Services, Inc." as Americom's predecessor. Americom was purchased by "OM Financial Life Insurance Company" in 2006. "OM Financial Life Insurance Company"' changed its name to "Fidelity & Guaranty Life Insurance Company" in 2010.

Dismiss (**Doc. No. 37**).  <u>See</u> (**Doc. No. 44**), Notice of Appeal, filed February 5, 2014.  The Tenth Circuit tolled briefing on the merits of Plaintiff's appeal noting a possible jurisdictional defect, the fact that this Court's Order (**Doc. No. 37**) was not a final, appealable order because it disposed of less than all of the claims in the case.   <u>See</u> (**Doc. No. 51**), Order of United States Court of Appeals, entered February 21, 2014.  The Tenth Circuit ordered Plaintiff to respond within 21 days demonstrating how this Court's Order was a final judgment.  <u>See id.</u>  Even after apparently receiving a response from Plaintiff, the Tenth Circuit again issued an Order questioning how this Court's Order complied with Fed. R. Civ. P. 54(b).  <u>See</u> (**Doc. No. 58**), Order of United States Court of Appeals, entered March 19, 2014.  The Court must note for the record that its Order (**Doc. No. 37**) was not a final judgment, nor did Plaintiff request that the Court certify its Order under Fed. R. Civ. P. 54(b) prior to filing her appeal of the Order.  Accordingly, the Court is of the view that the Tenth Circuit is currently without subject matter jurisdiction over Plaintiff's appeal.

While the other issues were pending, Plaintiff and Defendant Jackson National Life Insurance Company ("Defendant Jackson") filed a Joint Motion to Dismiss Amended Complaint Without Prejudice (**Doc. No. 42**).  The Court entered a Stipulated Order Granting the Joint Motion to Dismiss (**Doc. No. 59**) on April 8, 2014.  The Order details Plaintiff and Defendant Jackson's agreement that Plaintiff's ability to reinstate her claims against Defendant Jackson is dependent on Plaintiff's appeal of this Court's Order (**Doc. No. 37**).  Prior to the entry of the Stipulated Order, Plaintiff repeatedly and incorrectly stated not only to this Court, but also the Tenth Circuit that the parties' Joint Motion disposed of the claims against Defendant Jackson. The Court reminds Plaintiff that the Joint Motion did not dispose of the claims against Defendant Jackson; it was the Court's entry of the Stipulated Order that dismissed those claims.  <u>See</u> Fed.

R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order[.]").[3]

Plaintiff has filed two separate Motions for Certification Pursuant to Fed. R. Civ. P. 54(b) evidently in an attempt to remedy Plaintiff's oversight regarding the final judgment rule for appeals. As the case stands at present, two Defendants are dismissed with prejudice and one is dismissed without prejudice. The final Defendants, Ms. Davalos and Does 1-3, have not yet been served. For the reasons set forth further below, Plaintiff's attempt to piecemeal this litigation is denied. Further, Plaintiff is ordered to show cause why the remaining defendants have not been served nearly a year after the Complaint was filed. See **(Doc. No. 1)**, Notice of Removal, filed October 23, 2013 (indicating Plaintiff's Complaint was originally filed in state court on May 21, 2013).

## Discussion

## I.     Plaintiff's Requests for Certification Pursuant to Fed. R. Civ. P. 54(b) are Denied

Fed. R. Civ. P. 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Thus, "Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one

---

[3] Plaintiff did not comply with Rule 41(a)(1) because she did not file a Notice of Voluntary Dismissal approved by all parties. See Fed. R. Civ. P. 41(a)(1).

claim; and (3) a determination by the district court that there is no just reason for delay." Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005) (citing 10 Wright, Miller & Kane, Fed. Practice & Proc. § 2656, at 48–60 (3d ed.1998)). "Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits." Jordan, at 829. "Partial final judgment is intended to serve the limited purpose of protecting litigants from undue hardship and delay in lawsuits involving multiple parties or multiple claims[,and] [a]pplication of the rule should preserve the 'historic federal policy against piecemeal appeals.'" Id. (citation omitted). "To determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." Id.

In this instance although Plaintiff's claims against each Defendant are separate, the Court finds multiple appeals would be redundant and that there is just cause for the delay of the appeal. If the Court were to grant Plaintiff's Motion to Certify, there would be two separate appeals of the same issue: whether Plaintiff's claims are barred under the statute of limitations.  While those two separate appeals were pending, the Court would be left to deal with the remaining un-served defendants who, if they are ever served, would likely raise the same statute of limitation issue. The Court finds there is just cause to delay the appeal until the Court has disposed of all claims against all parties.  This is a far more efficient use of this Court's, the Tenth Circuit's, and the parties' resources than allowing Plaintiff to continue with her fragmented appeal approach, especially considering that all appeals would likely address the same statute of limitations issue.

**II.     Plaintiff is Ordered to Show Cause Why the Claims Against Defendant Davalos and Does 1-3 Should not be Dismissed for Failure to Serve within the Time Set by Fed. R. Civ. P. 4(m)**

"If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

As previously noted, Plaintiff originally filed her Complaint in state court on May 21, 2013 and it was removed to this Court on October 21, 2013.  As of the date of this Order neither Ms. Davalos nor Does 1-3 have been served.  This far exceeds the 120 day time limit set forth in Fed. R. Civ. P. 4(m).  Accordingly, Plaintiff is ordered to show cause, in writing, why the claims against the un-served defendants should not be dismissed without prejudice.  Plaintiff shall file her response within two (2) weeks of the date of entry of this Order.

**THEREFORE, IT IS ORDERED**, that Plaintiff's Motion for Certification Pursuant to Fed. R. Civ. P. 54(b)  **(Doc. No. 55)** and Plaintiff's Second Motion for Certification Pursuant to Fed. R. Civ. P. 54(b) **(Doc. No. 58)** are **DENIED**.

**IT IS FURTHER ORDERED**, that Plaintiff shall have two (2) weeks from the date of entry of this Order to show cause why the claims against Defendant Davalos and Does 1-3 should not be dismissed without prejudice for failure to serve them.

_____
UNITED STATES DISTRICT JUDGE